UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LINWOOD C., | ) |
|     Plaintiff | ) ) ) |
| v. | )    1:22-cv-00013-LEW ) |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) ) ) |
|     Defendant | ) ) |

**REPORT AND RECOMMENDED DECISION**

On Plaintiff's application for disability insurance benefits under Title II of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court vacate the administrative decision and remand the matter for further proceedings.

**THE ADMINISTRATIVE FINDINGS**

The Commissioner's final decision is the December 4, 2020 decision of the Administrative Law Judge. (ALJ Decision, ECF No. 9-2).[1] The ALJ's decision tracks the

---

[1] Because the Appeals Council found no reason to review that decision (R. 7), Defendant's final decision is the ALJ's decision.

familiar five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. § 404.1520.

The ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of ischemic heart disease and other diseases of the circulatory system; neurocognitive disorders; anxiety and obsessive-compulsive disorder; and depressive, bipolar and related disorders. (R. 19.) The ALJ further found that despite Plaintiff's impairments, Plaintiff has the residual functional capacity (RFC) to perform light work, except he may no more than occasionally climb ramps and stairs; may frequently balance, stoop, kneel, crouch, and crawl; never climb ladders, ropes or scaffolds; must avoid even moderate exposure to extreme cold and extreme heat, and avoid all exposure to unprotected heights; is limited to simple, routine tasks involving no more than "simple, short instructions" and simple, work-related decisions with few workplace changes; and may have no more than occasional interaction with the public, coworkers, and supervisors. (R. 22.)

Based on the RFC finding, Plaintiff's age, education and work experience, and the testimony of a vocational expert, the ALJ concluded that Plaintiff can perform substantial gainful activity existing in the national economy, including the representative occupations of mail clerk, price marker, and routing clerk. (R. 29.) The ALJ determined, therefore, that Plaintiff was not disabled.

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record

contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff argues (1) the ALJ erred when he did not find Plaintiff's cyclic vomiting syndrome to be a severe impairment;[2] and (2) the ALJ's determination that Plaintiff can perform jobs which exist in the national economy in significant numbers is not supported by reliable vocational evidence.

### A. Step 2 Analysis and RFC

Plaintiff purports to challenge the ALJ's RFC assessment. As Defendant notes, Plaintiff's principal argument is that the ALJ erred in his RFC assessment because the ALJ failed to find Plaintiff's cyclic vomiting syndrome to be a severe impairment. Although Plaintiff was diagnosed with the condition, a diagnosis, standing alone, does not establish that the diagnosed impairment would have more than a minimal impact on the performance

---

[2] Plaintiff characterizes his argument as asserting that the ALJ erroneously evaluated the opinion evidence in formulating Plaintiff's RFC. (Statement of Errors at 7, ECF No. 13.)

3

of work activity.  *Dowell v. Colvin*, No. 2:13-cv-00246-JDL, 2014 WL 3784237, at *3 (D. Me. July 31, 2014).

In support of his argument, Plaintiff cites to his testimony of monthly bouts of vomiting that last several days, that make him weak from his inability to keep down food, water, and medications, and that cause him to feel nauseous every day.  (R. 43, 44-45.)  He also points to multiple visits to the hospital emergency department with complaints of vomiting.  (*See* R. 582, 587, 596, 602-20, 907, 911, 919, 924.)

The record also includes evidence to suggest Plaintiff's condition is not as severe or debilitating as Plaintiff maintains or that his condition has been or could be successfully addressed through treatment.  For instance, his primary care provider opined that the nausea and vomiting were likely secondary to Plaintiff's daily use of medical marijuana and recommended that he cease using it.  (R. 523.)  A specialist in liver and digestive diseases also diagnosed Plaintiff with cannabis hyperemesis syndrome and informed Plaintiff that the treatment would be the elimination of marijuana.  (R. 572.)   Furthermore, the state agency consultants, Donald Trumbull, M.D. and Elizabeth White, M.D., found the condition to be well-controlled.

After reviewing the record, which included some conflicting evidence, the ALJ found the opinions of the state agency medical consultants to be consistent and supported "with detailed explanation of the relevant clinical evidence," and, therefore, persuasive.  He further found the opinion of one of Plaintiff's treating providers, Ben Thom Hieronymus, ARNP, that Plaintiff needed frequent rest breaks and would be absent from work at least four days per month due to cyclic vomiting to be inconsistent with Plaintiff's

various activities of daily living, which include performing household chores, hunting, assisting and visiting friends, and playing games.

The ALJ reviewed all the pertinent evidence and supportably determined which evidence he found to be more persuasive. "[T]he resolution of conflicts in the evidence is for the [ALJ], not the courts." *Irlanda Ortiz v. Sec'y Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir. 1991); *see also Malaney v. Berryhill*, No. 2:16-cv-00404-GZS, 2017 WL 2537226, at *2 (D. Me. June 11, 2017) *(aff'd*, D. Me. July 11, 2017) *(aff,d*, 1st Cir. May 15, 2019) ("The mere fact that a claimant can point to evidence of record supporting a different conclusion does not, in itself, warrant remand."). In short, the ALJ's determination that Plaintiff's cyclic vomiting syndrome is nonsevere is supported by substantial evidence on the record.

**B. Vocational Evidence**

At step 5 of the evaluation process, the Commissioner has the burden to establish that the jobs a claimant can perform exist in the national economy in significant numbers, giving particular attention to the claimant's age, education, work experience, and RFC. 20 C.F.R. § 404.1520(a)(4)(v), (g)(1); *Goodermote v. Sec'y of HHS*, 690 F.2d 5, 7 (1st Cir. 1982). This burden is typically addressed through a combined reliance on the Medical-Vocational Guidelines, 20 C.F.R. Part 202, Subpart P, Appendix 2, and the testimony of a vocational expert, who is asked to consider one or more hypothetical RFC findings. *Goodermote*, 690 F.2d at 7; *Arocho v. Sec'y of HHS*, 670 F.2d 374, 375 (1st Cir. 1982).

The ALJ asked the vocational expert (VE) to assume an individual of the same age, education, and work experience was limited to "[s]imple, routine, repetitive tasks involving

no more than simple instruction and work-related decisions with few workplace changes," and "[o]ccasional interaction with coworkers, supervisors, and the public is going to be frequent." (R. 60-61.)  After the VE stated that such an individual could not perform Plaintiff's past work, the VE testified that the individual could perform other work, including the jobs of mail clerk, price marker, and routing clerk.

Plaintiff argues that the hypothetical was flawed because (1) it failed to include the ALJ's RFC limitation that Plaintiff was to have "no more than occasional interaction with the public," and (2) it omitted the RFC's modifier "short" for when limiting the hypothetical individual to tasks involving "no more than simple, short instructions." (*See* R. 22.)  Neither the ALJ nor Plaintiff's counsel asked the VE whether a person with the limitation to short instructions could perform the jobs he identified.

While the hypothetical was incomplete as it relates to Plaintiff's RFC, the issue is whether the ALJ can supportably rely on the VE's opinion given the omissions in the hypothetical.  None of the jobs identified by the VE involves significant interaction with the public. *See* Dictionary of Occupational Titles (DOT) § 209.587-034, 1991 WL 671802 (marker) ("People:  8 – Taking Instructions-Helping" "N – Not Significant."); DOT 209.687-026, 1991 WL 671813 (mail clerk) (same); DOT 222.587-038, 1991 WL 672123 (router) (same).  The failure to include the limitation on interaction with the public, therefore, would not be grounds for remand.

The omission of the modifier "short" for the simple instructions, however, is potentially problematic.  The DOT defines the reasoning level of 2 as requiring an individual to "[a]pply commonsense understanding to carry out detailed but uninvolved

6

written or oral instructions," and "[d]eal with problems involving a few concrete variables in or from standardized situations." DOT, App. C, 1991 WL 688702. Two of the jobs identified by the VE, marker and router, require a reasoning level of 2. DOT § 209.587-034, 1991 WL 671802 (marker); DOT 222.587-038, 1991 WL 672123 (router).[3]

This District has determined that a claimant limited to simple tasks at a routine pace is not precluded from performing work that the DOT defines as requiring a reasoning level of 2. *Pepin v. Astrue*, Civil No. 09-464-P-S, 2010 WL 3361841, at *3 (D. Me. Aug. 24, 2010) (citing *Meissl v. Barnhard*, 403 F. Supp. 2d 981 (C.D. Cal. 2005). The Court in *Pepin* cited with approval the reasoning of the court in *Meissl* that the use of the word "detailed" in the Social Security regulations that distinguish between "short and simple instructions" and "detailed" instructions is not equivalent to the use of the word "detailed" in the DOT's reasoning level of 2, which requires the ability to understand and carry out "detailed but uninvolved" instructions. *Pepin*, 2010 WL 3361841, at *3-4. This District thus recognizes that there is no apparent conflict between an RFC that limits a claimant to simple, routine tasks and the DOT reasoning level of 2. *Id.*; *see also Sue M. v. Berryhill*, No. 1:17-cv-00303-NT, 2018 WL 3698906 (D. Me. Aug. 3, 2018).

Relying on the reasoning of the Court in *Pepin* and *Sue M.*, Defendant contends that "[b]ecause this Court found that "short and simple instructions" as described in Social Security regulations was consistent with reasoning level 2 jobs, the omission of the word

---

[3] The third, mail clerk, requires reasoning level 3. DOT 209.687-026, 1991 WL 671813 ("[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations.")

'short' from the hypothetical question [posed to the vocational expert] is of no moment because the level 2 jobs that the vocational expert found that he could perform, are consistent with 'short and simple instructions.'" (Defendant's Opposition at 14, ECF No. 17.) This Court, however, has not determined that a limitation to "short and simple instructions" is consistent with a reasoning level of 2.

In *Pepin* and *Sue M.*, the Court acknowledged that a limitation to simple tasks or to simple instructions was not inconsistent with "detailed but uninvolved" instructions as used in the DOT's reasoning level of 2. While the RFC in *Sue M.* could be construed to include a limitation to simple instructions (the claimant was limited to "simple, routine and repetitive tasks and could not understand, carry out, or remember any detailed instructions," *Sue M.*, 2018 WL 3698906, *1), the RFC did not provide for "*short* and simple instructions." Similarly, although the Court acknowledged that in *Pepin* it "abandoned its minority position that a GED reasoning level of 2 generally is beyond the capacity of a person limited to simple instructions or tasks," the Court did not equate "simple" instructions with "short and simple instructions." *Sue M.*, 2018 WL 3698906, *3 (citation and internal quotation marks omitted).

This case presents the question, not addressed in *Sue M.* or *Pepin*, of whether a person limited to simple tasks at a routine pace with "simple, *short* instructions" can perform jobs that require a reasoning level of 2. The more specific question is whether there is a conflict or inconsistency between the limitation to "short" instructions and the DOT reasoning level of 2 requirement that a claimant be able to carry out "detailed" instructions.

The court in *Meissl* noted that the DOT level 2 reasoning, which is defined as the ability to understand and carry out "detailed but uninvolved" instructions, does not involve "a high level of reasoning." *Meissl*, 403 F. Supp. 2d at 984-985 (quoting *Flaherty v. Halter*, 182 F. Supp. 2d 824, 850 (D.Minn. 2001). That is, "detailed" does not mean complex. "Detailed," however, must have some meaning. At least two circuit courts have concluded that in the context of the DOT reasoning level of 2, "detailed" refers to length. *See Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1323-24 (11th Cir. 2021); *Lawrence v. Saul*, 941 F.3d 140, 142 (4th Cir. 2019).

In *Lawrence*, the Fourth Circuit concluded, "'[s]hort' is inconsistent with 'detailed' because detail and length are highly correlated. Generally, the longer the instructions, the more detail they can include." *Lawrence*, 941 F.3d at 142. The Fourth Circuit's analysis is sound and not inconsistent with this Court's reasoning in *Pepin* and *Sue M*. First, while "detailed" in the DOT's reasoning level of 2 might not suggest complexity, it cannot be meaningless. To correlate "detailed" and length is logical. In addition, "short" is not synonymous with "simple" and must be given some meaning. "Short" plainly refers to length. The ALJ's RFC determination that Plaintiff is limited to tasks with "short" instructions, therefore, is inconsistent or in conflict with the DOT level 2 reasoning, which requires the ability to carry out "detailed" (i.e., longer) instructions. Because the hypothetical posed by the ALJ to the VE did not include the limitation to "short" instructions, the VE was not asked about the conflict. The ALJ thus could not reasonably rely on the VE's testimony that Plaintiff can perform jobs that exist in significant numbers in the national economy. Remand is therefore warranted.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court vacate the administrative decision and remand the matter for further proceedings.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 18th day of October, 2022.